UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED                    -PSO-

07 FEB 20  PM 12:51

U.S. DISTRICT COURT
W.D.N.Y.—BUFFALO

AIMEE L. O'NEIL, et al.,

          Plaintiffs,

    -v-

NEW YORK STATE POWER
AUTHORITY, et al.,

          Defendants.

**DECISION and ORDER**
07-CV-6004L

AIMEE L. O'NEIL, et al.,

          Plaintiffs,

    -v-

OSWEGO COUNTY HOUSING
AUTHORITY, et al.,

          Defendants.

**DECISION and ORDER**
07-CV-6006L

AIMEE L. O'NEIL, et al.,

          Plaintiffs,

    -v-

DAWN ABTEY, et al.,

          Defendants.

**DECISION and ORDER**
07-CV-6009L

---

AIMEE L. O'NEIL, et al.,

        Plaintiffs,

    -v-

RUSS JOHNSON, et al.,

        Defendants.

**DECISION and ORDER**
07-CV-6013L

---

AIMEE L. O'NEIL, et al.,

        Plaintiffs,

    -v-

COUNTY OF ONTARIO,

        Defendant.

**DECISION and ORDER**
07-CV-6014L

---

AIMEE L. O'NEIL, et al.,

        Plaintiffs,

    -v-

CITY OF GENEVA POLICE DEPARTMENT,

        Defendant.

**DECISION and ORDER**
07-CV-6015L

---

2

AIMEE L. O'NEIL, et al.,

        Plaintiffs,

        -v-

OSWEGO COUNTY FAMILY COURT, et al.,

        Defendants.

**DECISION and ORDER**
07-CV-6016L

---

AIMEE L. O'NEIL, et al.,

        Plaintiffs,

        -v-

OSWEGO COUNTY HEALTH CENTER, et al.,

        Defendants.

**DECISION and ORDER**
07-CV-6017L

---

AIMEE L. O'NEIL, et al.,

        Plaintiffs,

        -v-

TAMMY RODGERS, et al.,

        Defendants.

**DECISION and ORDER**
07-CV-6018L

---

AIMEE L. O'NEIL, et al.,

        Plaintiffs,

        -v-

STATE FARM INSURANCE,

        Defendant.

**DECISION and ORDER**
07-CV-6028L

3

AIMEE L. O'NEIL, et al.,

Plaintiffs,

-v-

CHARLES JAMES AUTO SALES, et al.,

Defendant.

**DECISION and ORDER**
07-CV-6029L

AIMEE L. O'NEIL, et al.,

Plaintiffs,

-v-

CORNERSTONE HOMES, et al.,

Defendant.

**DECISION and ORDER**
07-CV-6031L

## INTRODUCTION

Plaintiff Aimee Lyn O'Neil, proceeding *pro se*, filed the above-captioned twelve actions in this Court between January 4, 2007 and January 18, 2007. In each case she has requested permission to proceed *in forma pauperis*, and indicated that she is on public assistance as her means of support. Accordingly, the Court grants plaintiff O'Neill permission to proceed *in forma pauperis* in each of these actions,[1] but for the reasons discussed below, each of these actions is dismissed.

---

[1]In Civil Docket Numbers 07-CV-6009L, 07-CV-6015L, and 07-CV-6029L, plaintiff O'Neil is joined by plaintiff John Mazzoli, who has signed those complaints and submitted his own requests to proceed *in forma pauperis*. John Mazzoli appears to be an adult acting on his own behalf. Accordingly, he is granted permission to proceed *in forma pauperis* as well. The additional plaintiffs named in some of the complaints are minor children whose claims are discussed below.

4

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), she is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See* King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of each of these twelve complaints, the Court finds that all must be dismissed. In each case, a liberal reading of the complaint does not give any indication that a valid claim might be stated that would entitle plaintiff to relief.

While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also* Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990), a court may dismiss a complaint without granting such leave where amendment would be futile. *See* Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."). Here, plaintiff's pleadings are fraught

with multiple deficiencies, many of which are not curable through amendment. Given the sheer number of filings, and the over-all lack of adequate pleadings throughout the filings, the better course here is to dismiss these actions without prejudice, rather than to permit amendment. The various deficiencies are detailed below in the hope that the discussion will provide plaintiff with a framework for setting forth claims over which federal courts have jurisdiction and filing claims in the most appropriate court, should she determine that she can reasonably pursue any of these claims. **Plaintiff is advised to consider the following discussion in determining whether any of her claims should be re-filed, whether the federal courts have jurisdiction over any of the claims, and, if so, which district court is the appropriate venue.**

As a preliminary matter, in light of plaintiff's multitudinous filings, she is expressly cautioned that Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a *pro se* litigant. Rule 11(b) provides in pertinent part that when an unrepresented party presents a pleading, motion or other paper to the Court, that party:

> is certifying that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances, —
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

As the United States Supreme Court has noted, "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of . . . frivolous requests . . .

does not promote that end." In re McDonald, 489 U.S. 180, 184 (1989) (petitioner who repeatedly filed unwarranted applications for relief had abused the privilege of proceeding *in forma pauperis* and was required to pay the filing fee in connection with similar, future requests). *See also*, Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) (a district court's inherent powers include the ability to fashion an appropriate sanction for conduct which abuses the judicial process).

Plaintiff's status as a *pro se* litigant does not give her "an 'impenetrable shield [from the application of Fed. R. Civl P. 11], for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" DePonceau v. Bush, 04-CV-6240, 2004 U.S. Dist. LEXIS 13819 at *9 (W.D.N.Y. June 4, 2004 (quoting Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (*quoting* Farguson v. Mbank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)). "'The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts.'" Jones v. City of Buffalo, 96-CV-739, 1998 U.S. Dist. LEXIS 6070, 1998 WL 214807 at *3 (W.D.N.Y. April 22, 1998) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990)); *see also* Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 11 ("the purpose of Rule 11 sanctions is to deter rather than to compensate").

While the Court will not impose any sanctions regarding actions filed prior to this Order, plaintiff is advised that subsequent filings that fail to meet the minimum pleading requirements for the Federal Rules of Civil Procedure, to allege facts supporting federal jurisdiction or that are otherwise frivolous may result in sanctions or restrictions on future filings.

## A.    Pleading Requirements

Plaintiff's complaints are provided the liberal reading due pleadings filed by *pro se* litigants. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). Because she is proceeding *pro se*, the Court "... will therefore excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005) (citing Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir.2004); Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir.1986)).   Nevertheless, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  Thus, for each of her claims, plaintiff must provide sufficient factual allegations to establish the date of the complained-of event, the involvement or responsibility of the named defendant, and the nature of the federal claim or basis for federal jurisdiction, in a clear set of paragraphs that convey the complained-of facts and the claims asserted.  The failure to provide such a statement will subject pleadings to dismissal.  Moreover, for each of her complaints, plaintiff should first consider whether her allegations support a state or a federal claim, whether each claim is timely based on the applicable statutes of limitation, and whether she is seeking monetary relief against a defendant who is immune from such relief.

## B.    Federal Jurisdiction

A federal district court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) (citing Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-80, 2 L.Ed. 60 (1803)).  Subject matter jurisdiction may be exercised only when a "federal question" is presented, or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00.  See 28 U.S.C. §§ 1331, 1332.  A party seeking relief in a district court must at least plead facts which bring the action within the court's jurisdiction. See Fed. R. Civ. P. 8(a)(1). Failure to plead such facts warrants dismissal of the action. Fed. R. Civ. P. 12(h)(3); see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed. 2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]"); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed. 2d 603 (1990) (courts have an independent obligation to examine the basis of their jurisdiction); Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983) (noting that courts must dismiss cases sua sponte for lack of subject matter jurisdiction).

Many of plaintiff's complaints do not allege facts that support the existence federal jurisdiction, which she consistently alleges is based on the existence of a "federal question." For example, in 07-CV-6004L, plaintiff alleges she lived in rental property that failed to meets the basic requirements of a warranty of habitability.  She asserts that this violated her right to pursue happiness.  However, plaintiff's stated dissatisfaction with her former residence does not implicate a constitutional right.  Plaintiff further alleges that the residence made her ill and she suffered a personal injury.  Even accepting this allegation

9

as true, it does not state any basis for relief under federal law. Thus, to the extent that she has expressed a claim, plaintiff may consider whether such a claim is better pursued in the state courts. If she has other federal claims to be raised, she must include facts that establish such a claim.

Similarly, in 07-CV-6006L (alleging a failure of police to investigate complained-of events in July 2000), 07-CV-6009L (alleging that private individuals interfered with family court proceeding), 07-CV-6013L (naming an Oswego County legislator and the Oswego County DSS in a complaint regarding an allegedly illegal "no Knock" warrant entry fo her home in June 2003), 07-CV-6014L (complaining of a denial of cash assistance for her and two of her children to pay over-due bills, without any indication of the basis under which she sought assistance or was entitled to it), 07-CV-6015L (alleging failure by city police department to investigate a reported criminal incident), 07-CV-6016L (challenging a decision of the Oswego County Family Court), 07-CV-6017L (alleging that the Oswego County Health Center misinformed her that she had been exposed to tuberculous in 1998), 07-CV-6018L (complaining that an Oswego County Social Worker refused to place her daughter in proper foster care in October 1997), 07-CV-6028L (naming an insurance company, but seeking records from a correctional facility regarding injuries child received in 1998), 07-CV-6029L (challenging a car dealer with wrongfully repossessing a car in September 2003), and 07-CV-6031L (alleging that a realtor agency and the County of Geneva failed to inform her of limitations on the use of her property as a storefront and of impending widening of the road), plaintiff's allegations do not support the existence of federal jurisdiction over the complained-of events and/or defendants. Nothing in these complaints suggests that plaintiff could proceed in federal court against the named defendants for their purported actions, even if she were to amend the pleadings.

### C.    Venue

For any claims over which the federal courts may have jurisdiction, plaintiff should consider whether each of her cases are properly raised in this District.  See 28 U.S.C. § 1391(b).  Where, as in these twelve actions, jurisdiction is not based solely on diversity of citizenship, as parties, 28 U.S.C. § 1391(b) provides that the action may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  Id.

Thus, for example, in 07-CV-6004L, even assuming plaintiff can state a federal claim, it appears that the action would be properly filed in the U. S. District Court for the Northern District of New York, because all named defendants against whom she could proceed[2] are located in Oswego County.  Similarly, it appears that 07-CV-6006L, 07-CV-6013L, 07-CV-6016, and 07-CV-6017L all involve events occurring in Oswego County.

### D.    Statute of Limitations

In eight of her complaints, plaintiff characterizes her actions, at least in part, as based on violations of her civil rights.  The statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR § 214(2).  Owens v. Okure, 488 U.S. 235, 251, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594 (1989); Jewell v. County of Nassau, 917 F.2d 738, 740 (2d Cir. 1990).  It appears that plaintiff's purported civil rights claims in each of the following cases

---

[2]Defendants entitled to immunity are discussed below.

11

are time-barred because that are based on events that occurred prior to January 2004: 07-CV-6006L, 07-CV-6009L, 07-CV-6013L, 07-CV6016L and 07-CV-6018L.[3]  If plaintiff intends to proceed on civil rights claims that relate to events occurring prior to January 2004, she should provide information relating to any applicable tolling provisions.[4]

### E.    Additional Plaintiffs

In the majority of her cases, Aimee O'Neil lists herself and others as plaintiffs.  It is important to note that while plaintiffs have a right to proceed *pro se* in civil actions pursuant to 28 U .S.C. § 1654, a *pro se* plaintiff may not seek to represent the interests of third-parties. *See* Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).  More specifically, to the extent that plaintiff O'Neil has brought this claim on behalf of the infant children, Morgan Baker and Samantha Mazzoli, she may not act as the children's representative in this action because she is not an attorney admitted to practice before this Court and therefore may not proceed *pro se* on behalf of the minor children.  *See* Cheung v. Youth Orchestra Foundation of Buffalo, 906 F.2d 59, 61 (2d Cir. 1990); Fed. R. Civ. P. 17(c). "'It goes without saying that it is not in the interest of minors . . . that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.'" Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997) (quoting Osei-Afriyie v. Medical College, 937 F.2d 876, 882-83 (9th Cir. 1991); *accord* Cheung, 906 F.2d 59 at 61 (2d Cir. 1990).  A minor may not bring an action on  his own behalf in federal court.  Fed.R.Civ.P. 17(c).

---

[3]As stated at Point B, the remaining "civil rights" actions, 07-CV-6004L, 07-CV-6014L and 07-CV-6015L, even if timely, each fail to allege facts that would establish a basis for federal jurisdiction.

[4]Federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. Board of Regents of University of State of New York v. Tomanio, 446 U.S. 478, 487-491, 100 S. Ct. 1790, 1796-1799, 64 L. Ed.2d 440 (1980).

Accordingly, the claims of plaintiff O'Neil on behalf of Morgan Baker and Samantha Mazzoli, and any claims plaintiffs Morgan Baker and Samantha Mazzoli purported to pursue on their own hereby are dismissed.

### F. Additional Considerations for Specific Claims

#### 1. Civil Rights Violations Pursuant to 42 U.S.C. § 1983

To the extent that plaintiff is alleging that a defendant violated her civil or constitutional rights, she is attempting to bring the action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993). Therefore, where her named defendants are private individuals or private businesses who are not acting under color of state law, she does not have a claim that can proceed under 42 U.S.C. § 1983. Accordingly, her complaints in 07-CV-6009L and 07-CV-6028L are dismissed, as well as her claims against private individuals and business in 07-CV-6016L, 07-CV-6018L, 07-CV-6029L and 07-CV-6031L.

#### 2. Claims Against Defendants Entitled to Immunity

In several of her actions, plaintiff O'Neil has named defendants who are entitled to immunity; the States of Florida and New York (07-CV-6016L, 07-CV-6017L, 07-CV-6018L), a New York State agency (07-CV-6004L), or Courts (07-CV-6016L). The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to

13

agencies and officials sued in their official capacities. <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, , 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). "An official arm of the state," such as the New York State Power Authority, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409, 414 (2d Cir. 1999).

Additionally, it is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g.,* <u>Mireles v. Waco</u>, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Id.*, at 10, 287 (quoting <u>Bradley v. Fisher</u>, 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646 (1871)). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, <u>Pierson v. Ray</u>, 386 U.S. 547, 554, 87 S. Ct. 1213, 1217, 18 L. Ed. 2d 288 (1967), even though "unfairness and injustice to a litigant may result on occasion," <u>Mireles</u>, 502 U.S. at 9. Accordingly, such claims are dismissed.

## CONCLUSION

Plaintiff Aimee O'Neil, and, in those cases where he is a party, plaintiff John Mazzoli have met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, their requests to proceed *in forma pauperis* are granted. To the extent that additional motions to proceed *in forma pauperis* were made on behalf of the minor children, Morgan Baker and Samantha Mazzoli, such motions are denied. For the reasons discussed above, the complaints in the above-captioned actions are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

14

Plaintiff Aimee O'Neil is advised that Rule 11 sanctions may be applied to future actions that are determined to be presented for an improper purpose, unwarranted based on existing federal law or otherwise frivolous, which would impact her ability to file actions in this Court.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff Oneil's and plaintiff John Mazzoli's requests to proceed *in forma pauperis* are granted and the requests by or on behalf of Morgan Baker and Samantha Mazzoli are denied;

FURTHER, that the complaints in each of the above-captioned actions are dismissed; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:     February 16, 2007
           Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge

15